**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4872**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK ADAM SILVER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (CR-05-451-HFF)

———————

Submitted: October 11, 2006      Decided: December 5, 2006

———————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————

Beattie B. Ashmore, PRICE, PASCHAL & ASHMORE, P.A., Greenville, South Carolina, for Appellant. Jonathan Scott Gasser, Assistant United States Attorney, Columbia, South Carolina, Maxwell Barnes Cauthen, III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Adam Silver pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2000). He was sentenced to fifty months in prison. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that Silver's sentence is unreasonable but stating that there are no meritorious grounds for appeal. Silver has filed a pro se informal brief raising additional issues,[1] including the district court's failure to rule on his objection to the presentence report (PSR). We affirm the conviction. However, because the district court did not resolve Silver's objection to the PSR, we vacate the sentence and remand for resentencing.

Silver's base offense level was 17. See U.S. Sentencing Guidelines Manual § 2G2.2(a) (2003). Two levels were added because the material involved a prepubescent minor or a minor under age twelve, see USSG § 2G2.2(b)(1), and four levels were added because some material depicted sadistic, masochistic, or other violent conduct. See USSG § 2G2.2(b)(3). The offense level was increased by two levels because the offense involved use of a computer, see USSG § 2G2.2(b)(5), and by three levels because the offense involved at least 150, but fewer than 300, images. See USSG § 2G2.2(b)(6)(B). Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1. Silver's total offense level

---

[1]The motion to file the supplemental brief is granted.

- 2 -

was 25. His criminal history category was I, and his advisory guideline range was 57-71 months.

Silver objected to the four-level increase based on the depiction of sadistic, masochistic, or other violent conduct. At sentencing, the district court failed to rule on the objection. Rather, the court merely stated that a ruling in Silver's favor would result in a guideline range of 37-46 months, while an unfavorable ruling would result in a range of 57-71 months. Without deciding the contested issue, the court sentenced Silver to fifty months in prison. The court stated that it was taking into account the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) when imposing sentence.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence to determine whether it "is within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citations omitted). Hughes prescribed a specific methodology for district courts to follow when sentencing defendants. The first step is for the court to "correctly determine, after making appropriate findings of fact, the applicable guideline range." Hughes, 401 F.3d at 432. A district court's failure to make a necessary factual finding renders a sentence procedurally unreasonable. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

- 3 -

Here, the district court did not comply with the first step of the Hughes model: by not ruling on Silver's objection to the four-level increase, the court failed to make a necessary finding of fact. For this reason, Silver's sentence is procedurally unreasonable, and we must vacate his sentence and remand for resentencing.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.[2] Accordingly, we affirm the conviction but vacate the sentence and remand for resentencing. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately set

---

[2]The additional issues raised in the pro se brief do not warrant reversal. First, Silver merely speculates that an investigator was related to his probation officer and that the existence of the relationship caused the investigator to exert undue influence over the probation officer when she prepared the PSR. Second, home detention as a sentencing option is a matter that the district court may, if appropriate, consider at resentencing.

forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>